# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00344-CV

---

**Frederick W. Wiegand, Jr., Appellant**

**v.**

**City of Lockhart, Appellee**

---

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT
### NO. 01-0-294, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

---

Frederick W. Wiegand, Jr. appeals from the district court=s dismissal of the suit by the City of Lockhart based on the City=s notice of nonsuit. Wiegand asserts that he did not get notice of the nonsuit and that the dismissal of the suit based on the nonsuit was improper because the court had notice that he intended to file a counterclaim. We will dismiss this appeal for want of jurisdiction.

The City sued Wiegand Hermanos Perforadores, S.A. (AWHP@). After the City filed its notice of nonsuit of its claims against WHP, the district court dismissed this suit on January 23, 2002. On June 4, 2002, the district court made a docket entry noting that it no longer had jurisdiction over this case. Wiegand, individually, filed a notice of appeal on June 4, 2002.

The record before this Court indicates that we lack jurisdiction over this appeal. First, there is no indication that Wiegand, individually, was part of the suit below. Second, there is no indication that any claims survived the nonsuit. There is no indication that the court had before it any claims other than the

City=s against WHP.  Though one party=s filing of a notice for nonsuit does not prejudice the right of a party to be heard on a pending claim, the rule does not secure an adverse party=s right to pursue claims not filed, nor does it preserve the right to file claims for parties who have not filed interventions.  *See* Tex. R. Civ. P. 162.  Even if Wiegand could appeal from this judgment, his notice of appeal was filed untimely.  The trial court dismissed the cause on January 23, 2002.  There is no indication that appellant filed any postjudgment motion extending the time for appeal.  Nor is there any indication that appellant sought or obtained a finding by the trial court that appellant received late notice of judgment.  *See* Tex. R. Civ. P. 306a.  The notice of appeal was thus due on February 22, 2002.  *See* Tex. R. App. P. 26.1.  The noticeCfiled June 4, 2002Cwas untimely.

This Court=s clerk sent notice to Wiegand listing these jurisdictional issues and requesting an explanation of how this Court had jurisdiction.  The letter noted that failure to explain could result in dismissal.  Wiegand has not filed a response.

We dismiss the appeal for want of jurisdiction.

Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed:  September 12, 2002

Do Not Publish